**(110 So. 890)**

**No. 27488.**

**CASTOR STATE BANK v. SMITH BROS.**

(Nov. 2, 1926. Rehearing Denied Jan 3, 1927.)

*(Syllabus by Editorial Staff.)*

Execution ⬳171(3)—Defendants merely filing exception to jurisdiction on account of their residence and not further appearing in case held not entitled to enjoin execution of judgment.

Defendants merely filing exception to jurisdiction on the ground of their domicile and not further appearing in the case may not have execution on the judgment against them enjoined on the ground that indorsement by another of the note given by them and on which they were sued was obtained merely to vest the court with jurisdiction; but they should have urged that objection in the action in which they were sued, first in the trial court, and thereafter by appeal or certiorari.

Appeal from Second Judicial District Court, Parish of Bienville; John S. Richardson, Judge.

Action by the Castor State Bank against Smith Bros. Judgment for plaintiff by default, and from judgment denying injunction to restrain execution of judgment, defendants appeal. Affirmed.

Overton & Hunter and H. W. Hill, all of Alexandria, for appellants.

J. Rush Wimberly, of Arcadia, for appellee.

ST. PAUL, J. The defendants were sued in the parish of Bienville upon a promissory note. They excepted to the jurisdiction on the ground that their domicile, as admitted in the petition, was in the parish of Rapides. The exception was duly set for trial and overruled, the defendants being absent. Though duly notified of the overruling of their exception they filed no answer, and a default was taken, which default was confirmed about a month afterwards, the delay being had at the request of the defendants. The defendants did not appeal either suspensively or devolutively.

Thereafter plaintiff undertook to execute said judgment, and thereupon defendant enjoined said execution on the ground that the court was induced to overrule the plea to its jurisdiction by the fraud of the plaintiff in procuring an indorser on the note sued upon after the confecting thereof and for the sole purpose of giving said court jurisdiction by reason of said indorser being a resident of said parish of Bienville.

I.

The contention that the indorsement on said note was obtained for the sole purpose of vesting the court with jurisdiction was not set up in the exception, and the evidence shows that said indorsement, although taken after the confecting of the note, was obtained solely for the purpose of satisfying the requirements of the state bank examiner and not for the purpose of fraudulently vesting jurisdiction in the court.

II.

Whether or not the court should have maintained jurisdiction under the circumstances is a matter which should have been urged first before the lower court, either on

the trial of the exception or when the case came up for trial on the merits, and afterwards by appeal or even by application for a certiorari. But it is clear that a litigant who by his silence or inaction waives the benefit of pleas which he might have urged cannot afterwards be permitted to set up those pleas in an effort to enjoin the execution of a judgment which he has thus allowed to go against him. Otherwise the litigation would never come to an end. Our conclusion is that the trial judge properly refused the injunction.

### Decree.

The judgment appealed from is therefore affirmed.

OVERTON, J., recused.